**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Yuyuan Zhu, individually and on behalf of all other
employees similarly situated,

                                        Plaintiff,

                    - against -

Huang's Meat Trading Inc., Su Fong Li, and Awei Doe
(Last Name Unknown) a.k.a. Awei,

                                        Defendants.

**COLLECTIVE & CLASS
ACTION COMPLAINT**

        Yuyuan Zhu (the "Plaintiff") on his own and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Huang's Trading Inc., Su Fong Li, and Awei Doe (Last Name Unknown) (the "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

        1.      This is an action brought by Plaintiff on his own behalf and on and on behalf of all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

        2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage; (2) unpaid overtime wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage; (2) unpaid overtime compensation; (3) unpaid spread-of-hour pay; (4) compensation for failure to provide wage notice at the time of hiring; (5) compensation for failure to provide paystubs; (6) compensation for failure to timely pay Plaintiff in violation of the NYLL; (7) liquidated damages for (1) to (6); (7) monetary damage and other relief under New York State Human Rights Law and New York City Human Right's Law; (8) prejudgment, post-judgment interest and any payment plaintiff worth for; and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff, Yuyuan Zhu, is a resident of Queens County and was employed as a laborer and deliveryman by Huang's Meat Trading Inc. from June 5, 2022 to July 1, 2022.

## DEFENDANTS

### Huang's Meat Trading Inc.

8.      Upon information and belief, Defendant, Huang's Meat Trading Inc., is a domestic business corporation incorporated under the laws of New York, and operates a meat selling and delivery shop at 4114 3rd Ave., Brooklyn, New York, United States, 11232.

9.      Upon Information and belief, Huang's Meat Trading Inc. engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10.      Upon information and belief, Huang's Meat Trading Inc. purchased and handled goods moved in interstate commerce.

11.      At all times relevant times, Huang's Meat Trading Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

### Owner/Operator Defendants

12.      Upon information and belief, Defendant Su Fong Li is/or at all relevant times was a founder, officer, director, president, principle, vice president, and/or owner of Defendant Lash Princess.

13.      Upon information and belief, Defendant Awei Doe (Last Name Unknown) a.k.a. Awei (the "Awei") is/or at all relevant times was a founder, officer, director, president, principle, president, and/or owner of Defendant Lash Princess.

14.      Defendant Su Fong Li acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29

C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Lash Princess.

15.     Defendant Awei acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Lash Princess.

16.     Upon information and belief, Su Fong Li and Awei determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees.

17.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions.

## STATEMENT OF FACTS

18.     Defendants committed the following alleged acts knowingly, intentionally, and willfully.

19.     Defendants knew that the nonpayment of overtime compensation, failure to timely pay Plaintiff not later than seven days after the end of the week in which the wages were eared, failure to provide the required wage notice at the time of hiring, and failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

20.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees' overtime.

21.     From June 5, 2022 to July 1, 2022, Plaintiff was employed as a laborer and deliveryman by Defendants' company in Defendants' store at 4114 3rd Ave., Brooklyn,

New York, 11232. Plaintiff's job duty was to pick up goods, load goods on Van, unload goods, and deliver goods to Defendants' customers.

22.     Defendants hired Plaintiff on June 5, 2022. Throughout Plaintiff's employment with Defendants, Defendant did not provide Plaintiff a written notice, in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designed by Defendants.

23.     From June 5, 2022 to July 1, 2022, Plaintiff worked 6 days a week with Sunday off. He worked from 7:00 am to 5:00 pm, without uninterrupted lunch break. He would work approximately 60 hours per week.

24.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff every week in cash but held Plaintiff's salary payment for at least on week after Plaintiff earned his salaries.

25.     Defendants paid Plaintiff at a fixed rate of $150 a day.

26.     Plaintiffs had a medical examination at RS Medical Imagine Service and Healthier Imagine & Lab, Inc. See Exhibit A. Kidney stones were found in Plaintiff's left Kidney. See *Id.* at page 1. Plaintiff told Awei about this medical diagnosis and also told Awei that his right arm was in pain from carrying goods. On July 1, 2022, Defendants terminated employment relationship with Plaintiff.

27.     To date, Defendants still owed Plaintiff's salary $900. Defendants excused that they were going to hold the salary for a month in case that they have to pay for traffic tickets issued against the vehicle Plaintiff used to do delivery during Plaintiff's employment.

28.     Throughout Plaintiff's employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

29.     Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff any overtime premiums for his hours worked over forty each week.

30.     Throughout Plaintiff's employment with Defendants, Defendants did not furnish Plaintiff any statement listing the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, or rate or rates of pay and basis thereof with every payment of wages.

31.     In addition, Defendants did not pay Plaintiff "spread of hours premiums" when Plaintiff's workdays exceeded ten hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 10 Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to

attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

33.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

35.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

36.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage statement at time of pay and a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants for their meat transaction and delivery company doing business as Huang's Meat Trading Inc. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

40.    All said persons, including Plaintiff, is referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

41.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) members of the class.

42.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

43.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court

can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

c. Whether the Defendants provided wage statements with each pay and wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

**STATEMENT OF CLAIMS**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

47.     Plaintiff and the collective re-allege and incorporate by reference by all preceding paragraphs as though fully set forth herein.

48.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the prod production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

49.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

50.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

51.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

52.      At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

53.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

54.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

58.     Defendants knowingly and willfully violated Plaintiff's and Collective Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

61. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

62. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

63. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

64. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

65. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

70.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—**
**Time of Hire Wage Notice Requirement]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

73.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in

the employee's primary language, which is Chinese, about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his first day of employment.

74.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law— New York Pay Stub Requirement]

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-3.

77.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not furnish Plaintiff with a wage statement with every payment of wages, listing the required information.

78.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VII
### [Violation of New York Labor Law—Spread-of-Hour Pay]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The NYLL and supporting regulations require employers to pay employees whose workday begins and ends more than 10 hours apart an extra hour of pay, known as the spread-of-hour rate. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage for any day in which the "spread of hours" exceeds 10 hours or there is a "split shift", which includes all time working, time off for meals, and any off-duty time during or between shifts.12 N.Y.C.R.R. §142-2.4.

81.     Pursuant to the New York Wage Theft Prevention Act (hereinafter "NYWTPA"), an employer who fails to pay proper the spread of hours compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such underpayments found to be due the employee.

82.     Defendants' failure to give Plaintiff the spread-of-hours compensation, for days Plaintiff worked more than ten hours, violated the NYCRR §142-2.4.

83.     Defendants have acted willfully and have either known that their conduct violated the NYLL and NYCRR or have shown a reckless disregard for the matter of whether their conduct violated the NYLL and NYCRR. Defendants have not acted in good faith with respect to the conduct alleged herein.

**COUNT VIII**
**[Violation of New York Labor Law—Failure to Timely Pay Wages]**

84.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.     Defendant at issue are employers within the meaning of 12 N.Y.C.R.R. §§ 190 and 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

86.     Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

87.     Pursuant to the NYLL, an employer shall pay its employees who are manual workers weekly and not later than seven calendar days after the end of the week in which the wages are earned. 12 N.Y.C.R.R. § 191 (1)(a)(i).

88.     Here, Plaintiff spent more than 25% of his working hours performing physical labor, Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

89.     Defendants willfully failed to pay Plaintiff weekly or not later than seven calendar days after the end of the week in which the wages were earned.

90.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the liquidated damages, and attorneys' fees and costs for this action, including interest. 12 N.Y.C.R.R. § 198 (1-a). *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

**COUNT IX**
**[Disability Discrimination in violation of the**
**New York State Human Rights Law]**

91.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     Pursuant to the New York State Human Rights Law, it shall be unlawful discriminatory practice for "an employer or licensing agency, because of an individual's … disability, … to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1).

93.     Defendants discriminated against Plaintiff based on his disability in violation of the NYSHRL by discharging Plaintiff without giving any other specific reason

in the same week after Defendants learned about Plaintiff's medical diagnosis and pain of the right arm.

94.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## COUNT X
### [Disability Discrimination in violation of the New York City Human Right's Law]

95.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     The NYCHRL provides that "[i]t shall be an unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the actual or perceived … disability, … of any person . . . [t]o discharge from employment such person; or to discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a).

97.     As stated above, by discharging Plaintiff without giving any other specific reason in the same week after Defendants learned about Plaintiff's medical diagnosis and pain of the right arm, Defendants discriminated against Plaintiff for Plaintiff's disability.

98.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiffs and Rule 23 Class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   Award Plaintiff unpaid minimum wages and unpaid overtime due under the FLSA and the New York Labor Law;

g)   Award Plaintiff unpaid spread of hours under the New York Labor Law;

h)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the NYLL;

i)   An award of damages for Defendants' failure to provide wage statements as required under the NYLL;

j)   An award of damages for Defendants' failure timely pay plaintiff as required under the NYLL;

k)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages pursuant to 29 U.S.C. §216 and NYLL;

l)   An award of monetary damages and other relief as a result of Defendants' discrimination against Plaintiff pursuant to NYSHRL and NYCHRL.

m)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

n)   The cost and disbursements of this action;

o)   An award of prejudgment and post-judgment fees; and

p)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, and the FLSA collective Plaintiffs and Rule 23 Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 8, 2022
Flushing, New York,

HANG & ASSOCIATES, PLLC

/s/ *Guofeng Li*
Guofeng Li, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York, 11354
Tel: (718)353-8588
gli@hanglaw.com
Attorneys for Plaintiff

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee formerly employed by Huang's Meat Trading Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by me in this case.

_Yu Yuan Zhu_
Full Legal Name (Print)

_[signature]_
Signature

_8/8/22_
Date